# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MATTHEW A. OJUKWU, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    No. 10-0216-CV-W-DGK |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, et al, | ) |
| | ) |
|     Defendants. | ) |

## ORDER GRANTING SUMMARY JUDGMENT

This lawsuit arises from allegations that Defendants Social Security Administration ("SSA") and Michael Astrue, Commissioner of the SSA, discriminated against Plaintiff Matthew Ojukwu, an employee of the SSA, on the basis of his age, color, race, national origin, disability and in retaliation for engaging in protected activities.

Pending before the Court is Defendants' Motion for Summary Judgment (doc. 25). For the reasons discussed below, the motion is GRANTED.

### Summary Judgment Standard

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party, and the

nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991) (citation omitted).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. But the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted).

**Facts**

For the purposes of resolving the pending Motion for Summary Judgment, the Court finds the facts to be as follows. Argument, facts immaterial to the resolution of the pending motion, facts not properly supported by the cited portion of the record, and contested legal conclusions have been omitted.

Plaintiff Matthew Ojukwu is a darker skinned, African-American man originally from Nigeria who is over forty-years old. Ojukwu works as a benefits authorizer for the Social Security Administration. He is also as a union steward who has represented other SSA employees in the Equal Employment Opportunity ("EEO") complaint process.

**Plaintiff's Accommodation Request**

In November 2006, Plaintiff reported problems with the air quality surrounding his workstation, and in December 2006 he requested a workplace accommodation for an "allergy to toxic pollutants" and advanced chronic degenerative joint disease. He requested flexibility with leave, flexibility with his work productivity, allowance to stretch his knee, and ability to quickly

move away from his desk when encountering toxic air. Plaintiff submitted medical documentation to the SSA, but in March 2007 his request was denied, ostensibly because the documentation did not demonstrate a disability. After Plaintiff requested reconsideration, the SSA reaffirmed the denial and advised Plaintiff to contact an EEO counselor if he wanted to challenge the decision.

In August 2007, Plaintiff informed Defendant that he had recently been in a car accident and wished to submit hospital records to be considered with his request. The SSA informed Plaintiff that his 2006 request for reasonable accommodation was closed, but that he could file a new request. He did not file a new request.

**Hardship Transfer Request**

In November 2007, Plaintiff requested a hardship transfer to a new field office. This request was denied in December 2007 because the SSA determined Plaintiff did not meet the definition of a qualifying hardship. On March 6, 2008, Plaintiff submitted additional documentation, but the request was again denied for the same reason.

**Post-Entitlement Technical Expert ("PETE") Positions**

SSA posted three Post-Entitlement Technical Expert ("PETE") positions in 2008. Plaintiff applied for PETE Vacancy SK 171892-08-119 in February 2008. He was eligible for the position and interviewed by a three-person panel. All three panel members concurred that Plaintiff was the lowest ranked candidate from his group and he was not selected for the position. This position was filled on April 13, 2008.

PETE Vacancy SK 184070-08-152 opened on April 7, 2008 and closed on April 25, 2008. Plaintiff did not apply for this position and was not on the list of eligible candidates. The employees selected for this position began work August 31, 2008.

PETE Vacancy SK 204172-08-201 opened on August 4, 2008 and closed on August 22, 2008. Plaintiff did not apply for this position and was not on the list of eligible candidates. Those selected for this opening began work September 14, 2008.

**Bolling Federal Office Building Incident Report**

In December 2008, Plaintiff submitted an incident report to his manager alleging he was subjected to disparate treatment because of his disability, race, age, and national origin. More specifically, Plaintiff alleged he was being tortured at work with poison gases, fumes, toxins, air pollutants and irritants (including asbestos), electric shocks, and tasers. Plaintiff did not identify who was torturing him, but alleged he was tortured on a daily basis. The incident report form directed the employee completing it to email the form to his supervisor, and instructed the supervisor to email the form to the Federal Protective Service ("FPS"), a division of the Department of Homeland Security. Plaintiff emailed the form to his supervisor who then emailed it to the FPS. The FPS conducted a brief investigation, determined that the matter was an internal SSA issue, and then took no action.

SSA Management conducted air quality testing and provided Plaintiff with a test to use when he detected fumes. Neither test revealed any air quality deficiencies. Electricians examined Plaintiff's cubicle for electrical problems but could not find any. Plaintiff could not identify who he believed was tasering him, nor could he identify anyone who had witnessed it. Management attempted to resolve Plaintiff's concerns by replacing his computer (which he alleged was emitting poisonous gas), allowing him to move to different locations in the building, and showing him the locked room that he alleged housed the person trying to harm him, which was empty and to which no on one the floor had a key. These attempts did not resolve Plaintiff's complaints.

**EEO Complaint**

Plaintiff first sought counseling from the Office of Civil Rights and Equal Opportunity on December 10, 2008. Plaintiff filed a formal complaint following unsuccessful counseling. In a letter dated April 24, 2009, the SSA accepted for investigation Plaintiff's complaint of discrimination based on age, color, physical disability, national origin, race, and in retaliation for participating in prior EEO activity. This letter notes that Plaintiff alleged "[he was] being continually subjected to a hostile work environment and harassment (non-sexual) when [he was] denied as reasonable accommodation a reassignment, a hardship transfer, and flexibility with [his] work schedule, frequent breaks, productivity, and leave." Plaintiff additionally alleged that he was subjected to a hostile work environment and harassment when he was not promoted to the PETE positions discussed previously. The SSA dismissed Plaintiff's complaint regarding the PETE positions because Plaintiff did not contact an EEO counselor within 45 days, nor did he provide a legitimate reason why the 45 day time period should be extended.

Following an investigation, the SSA issued a final decision that Plaintiff failed to establish a *prima facie* case. The SSA also found that even if a *prima facie* case could be made, management provided legitimate, nondiscriminatory reasons for the alleged actions and Plaintiff failed to provide evidence of pretext. In March 2010, Plaintiff filed the pending lawsuit.

## Discussion

### I. The Claims against Defendant Social Security Administration are Dismissed

The Court first finds that it lacks subject matter jurisdiction over Defendant SSA. Under Title VII and the Rehabilitation Act, the proper defendant for claims against the government is "the head of the department, agency, or unit" and not the agency itself. 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1) (adopting Title VII procedures); *see Romain v. Sheer*, 799 F.2d 1416, 1418 (9th Cir. 1986); *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988). Accordingly, Plaintiff's claims against Defendant SSA are dismissed with prejudice.

### II. Counts I, II, and V and Parts of Counts III, IV, and VI are Dismissed for Failure to Exhaust Administrative Remedies

Prior to filing a discrimination suit against an agency of the United States, a plaintiff must exhaust his administrative remedies. *See Watson v. O'Neill*, 365 F.3d 609 (8th Cir. 2004). Failure to exhaust these remedies deprives the district court of jurisdiction to hear the case. *See Edwards v. Dep't of Army*, 708 F.2d 1344, 1346 (8th Cir. 1983); *McAlister v. Sec'y of the Dep't of Health and Human Serv.*, 900 F.2d 157, 158 (8th Cir. 1990). Exhaustion of remedies for federal employees requires, among other things, that the employee "must initiate contact with a[n] [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). In order to exhaust administrative remedies for an ADEA claim, a complainant must either fulfill the 45-day requirement or "give a thirty day notice of intent to sue to the EEOC within 180 days of the alleged unlawful practice." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); 29 U.S.C. § 633a(d).

The 45-day requirement, however, is subject to waiver, estoppel, or equitable tolling. 29 C.F.R. § 1614.604(c). Section 1614.105 allows the 45 day period to be extended

> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2).

As discussed in detail below, the Court finds Plaintiff failed to exhaust his administrative remedies within the requisite time period and has failed to show that he is otherwise entitled to an exception or extension of time to exhaust his administrative remedies. Consequently, the Court lacks jurisdiction to hear Counts I, II, and V, and parts of Counts III, IV, and VI.

### A. All of Plaintiff's Failure to Promote Claims are Dismissed with Prejudice for Failure to Exhaust Administrative Remedies

Counts I, II, III, IV, V, and VI all allege that Defendant failed to promote Plaintiff for discriminatory or retaliatory reasons. Plaintiff claims he was denied three PETE promotions because of discrimination. Plaintiff interviewed for the first PETE position, vacancy number SK 171892-08-119, but was not selected. This position was filled on April 13, 2008. The second position, vacancy number SK 184070-08-152, Plaintiff did not apply for and was not selected. Those selected for these positions started on August 31, 2008. Plaintiff also did not apply for, and was not selected for, the final position, vacancy number SK 204172-08-201. This position was filled September 14, 2008.

Failure to promote is a routine personnel decision, and each act of failing to promote is treated as a separate act of discrimination rather than a single ongoing act. *Betz v. Chertoff*, 578

7

F.3d 929, 937–938 (8th Cir. 2009). As such, Plaintiff was required to contact an EEO officer within 45 days of each allegedly discriminatory action. In the present case Plaintiff did not contact an EEO officer about the failure to promote him until December 10, 2008, almost ninety days after the last PETE position was filled, well after the 45 day window closed. Accordingly unless some exception or tolling applies here, Plaintiff's claims are barred.

Plaintiff makes no claim that he was unaware of the applicable time limits, or did not know he was denied the promotions. Nor could he. Plaintiff was a union steward who had represented other employees in EEO claims and who was familiar with the applicable deadlines. The only justification given by Plaintiff for a time extension is for injuries sustained from a car accident. But Plaintiff offers no evidence why this accident prevented him from contacting the counselor within the 45 day limit. The Eighth Circuit has declared that "[e]quitable tolling is a remedy reserved for circumstances that are truly beyond the control of the plaintiff." *Briley v. Carlin*, 172 F.3d 567 (8th Cir. 1999). Here Plaintiff has failed to present any evidence suggesting he is entitled to waiver, estoppel, or equitable tolling of the 45-day limit, therefore the Court holds he has failed to exhaust his administrative remedies.

Count I alleges age discrimination,[1] and Count II and Count V allege Title VII color and race discrimination respectively. The only discriminatory action claimed under these three counts is failure to promote to PETE positions. Plaintiff failed to exhaust his administrative remedies and failed to show waiver, estoppel, or equitable tolling was appropriate in regard to these failure to promote claims, and because the administrative remedies are no longer available for Plaintiff to exhaust, Counts I, II, and V are dismissed with prejudice in their entirety.

---

[1] As discussed previously, ADEA claims can exhaust administrative remedies through either the 45-day reporting requirement or else by providing the EEOC a thirty day notice of intent to sue within 180 days of the alleged unlawful practice. 29 U.S.C. § 633a(d). There is no evidence in the record that Plaintiff gave the EEOC a notice of intent to sue within 180 days of the alleged unlawful practice. Plaintiff makes no such contention, the record is silent, and the parties are not in dispute that this alternative requirement did not happen.

Count III alleges disability discrimination under the Rehabilitation Act. One of the allegations in this count is failure to promote, and the same analysis for failure to exhaust administrative remedies applies to this count. Plaintiff did not contact the EEOC within 45 days of the alleged discriminatory action, has not demonstrated he was entitled to waiver, estoppel, or equitable tolling, so this Court has no jurisdiction over the failure to promote claim. Because Count III alleges other claims that do not suffer from a failure to exhaust administrative remedies, only the failure to promote portion of Count III is dismissed with prejudice.

Count IV construed liberally also alleges discrimination based on national origin. Though not specifically included in the Complaint, Plaintiff argues in his response that the failure to promote him to a PETE position was also due to discrimination based on national origin. The above analysis of failure to exhaust remedies also applies to this claim. Because Count IV alleges other acts of discrimination, the Court dismisses only the failure to promote portion of this claim for failure to exhaust administrative remedies.

Similarly, Count VI alleges retaliation under Title VII for participation in protected activities. One of Defendant's alleged acts of retaliation is the failure to promote Plaintiff to a PETE position, and the failure to exhaust administrative remedies analysis also applies to this claim. But because Count VI contains other alleged acts of retaliation, the Court dismisses only the failure to promote portion of Count VI with prejudice.

### B. Count VI's Retaliation Claim is Dismissed with Prejudice

Count VI alleges in part that Defendant retaliated against Plaintiff by denying a hardship transfer. Denial of a hardship transfer, like Defendant's failure to promote, represents a discrete act of discrimination rather than ongoing discrimination. As such, the requirement to contact an EEO counselor within 45 days is counted from the day the transfer was denied. The transfer request was initially denied on December 6, 2007, and denied on reconsideration on March 6, 2008. Plaintiff did not contact an EEO counselor about this alleged discriminatory behavior until December 10, 2008, well outside the 45-day window.

The Court finds that equitable tolling is inappropriate for this claim under the same reasoning as the failure to promote claim. Plaintiff was aware of the timing requirements, he was aware of the transfer denial, and he has provided no reason beyond a 2007 car accident why he could not have met the 45-day requirement. Consequently, the Court dismisses with prejudice the hardship transfer portion of Count VI for lack of jurisdiction resulting from failure to exhaust administrative remedies.

### C. Count III's Claim of Discrimination against Perceived Mental Disability is Dismissed without Prejudice

Count III alleges discrimination based on perceived mental disability and actual physical disability. Plaintiff does not claim to have an actual mental disability, only that Defendant regarded him as having a mental disability, and Defendant discriminated against him because of his perceived impairment. A claim of disability under the Rehabilitation Act is governed by the same standard as that applied under the Americans with Disabilities Act ("ADA"). 29 U.S.C. § 705(9)(B). The ADA defines an individual with a disability, *inter alia*, as someone who is

regarded as having a mental impairment, whether or not that impairment actually limits a major life activity. 42 U.S.C. § 12102(3)(A).

Defendant objects to Plaintiff bringing a claim based upon perceived mental impairment because Plaintiff did not first complain to the EEOC about discrimination for perceived mental impairment, which represents a failure to exhaust administrative remedies. Plaintiff cannot raise a new claim in a complaint that he did not include in the EEOC charge. *See Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497 (7th Cir. 1994). "'Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge.'" *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218 (8th Cir. 1994) (quoting *Babrocky v. Jewel Food Co. & Retail Meatcutters*, 773 F.2d 857, 863 (7th Cir. 1985)).

Plaintiff did not check the box for mental disability discrimination in his EEOC grievance and made other no indication that put the agency on notice of allegations for perceived mental impairment discrimination. Although this failure has prevented the current claim from proceeding in court, Plaintiff is not precluded from exhausting his administrative remedies in the future. Count III represented an allegation of ongoing discrimination and a hostile work environment, and the Supreme Court has noted that for hostile work environment claims to be timely, "the employee need only file a charge within [the relevant time requirement] of any act that is part of the hostile work environment." *Amtrak v. Morgan*, 536 U.S. 101, 118 (2002). Because Plaintiff may still pursue an administrative remedy for their claim, dismissal with prejudice is not appropriate. As such, the Court dismisses the allegations of perceived mental impairment discrimination in Count III without prejudice.

## III. Summary Judgment is Granted on the Balance of Count III Because Plaintiff Cannot Establish He is Actually Disabled

The remaining claims in Count III allege that Defendant discriminated against Plaintiff based on his actual physical disability through harassment, creating a hostile work environment, and refusing to accommodate his disability. "To establish a prima facie case of disability discrimination, a plaintiff must show: (1) that [he] was disabled, (2) that [he] was qualified to do the essential job function with or without reasonable accommodation, and (3) that [he] suffered an adverse action due to [his] disability." *EEOC v. Wal-Mart Stores, Inc.*, 477 F.3d 561, 568 (8th Cir. 2007)). Defendant challenges the first prong of this test, contending that Plaintiff cannot show that he was disabled. Plaintiff submitted various doctor notes and recommendations to the SSA, but the SSA found that this documentation was insufficient to establish that Plaintiff was disabled.

Under the Rehabilitation Act, a plaintiff is disabled if he 1) has a physical or mental impairment that substantially limits one or more of his major life activities; 2) has a record of such an impairment; or 3) is regarded as having such an impairment. 42 U.S.C. § 12102(2). "[T]o be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002).

Although facts are construed in light favorable to Plaintiff at summary judgment, Plaintiff has provided no evidence of an actual disability. Although the Complaint references a disability certification from Dr. Flores, this certification is not a part of the record and Plaintiff has not offered any additional medical documentation, affidavits from a doctor, or other evidence for the

Court to consider. Although Plaintiff has offered his own affidavit as evidence, this is insufficient to substantiate his allegations. *Bass v. SBC Communs., Inc.*, 418 F.3d 870, 873 (8th Cir. 2005).

On this record the Court cannot find that Plaintiff has established a *prima facie* case. "[A] plaintiff may not merely point to unsupported self serving allegations, but must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor without resort to speculation, conjecture or fantasy." *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 791–792 (8th Cir. 2009) (citation and quotation marks omitted). "Further, bald assertions that one is limited in a major life activity are insufficient to withstand summary judgment." *Heisler v. Metro. Council*, 339 F.3d 622, 628 (8th Cir. 2003).

With nothing before the Court beyond Plaintiff's own statements, Plaintiff has not established that he is an individual with a physical disability, and summary judgment is granted for Defendants on Count III.

## IV. Summary Judgment is Granted for Count IV because Plaintiff cannot Demonstrate an Adverse Employment Action

Plaintiff alleges in Count IV that because of his national origin, Defendant took an adverse action against him by contacting the Department of Homeland Security in regard to an internal incident report. To establish a *prima facie* case of discrimination based on national origin, Plaintiff "must show that he (1) is within the protected class, (2) was qualified to perform the job, (3) suffered an adverse employment action, and (4) has facts that give rise to an inference of discrimination." *Takele v. Mayo Clinic*, 576 F.3d 834, 838 (8th Cir. 2009). Plaintiff claims that by contacting the Department of Homeland Security about his complaints, Defendant

initiated an investigation by the FPS for discriminatory reasons, and this investigation was an adverse employment action.

"An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Thomas v. Corwin*, 483 F.3d 516, 528–529 (8th Cir. 2007). The incident reporting form that Plaintiff voluntarily sent to his supervisor clearly states that following receipt, supervisors are to forward the form to the FPS, a division of Homeland Security. Consequently, the contact with the Department of Homeland Security was actually initiated at Plaintiff's request, which undermines Plaintiff's claim that this contact represents an adverse employment action. Additionally, Plaintiff offers no evidence about how this contact or the resulting investigation created a tangible change in his employment condition or produced a material employment disadvantage. The FPS investigation merely determined that Plaintiff's complaints should be handled internally by the SSA, and Plaintiff does not point to any negative repercussions from this investigation. The Court finds no indication in the record that the contact with the FPS created a tangible change in working conditions. Accordingly, Plaintiff cannot establish that he suffered an adverse employment action from alleged national origin discrimination, and Defendant is entitled to summary judgment on Count IV.

**V.    Summary Judgment is Granted for Count VI because Plaintiff cannot Demonstrate an Adverse Employment Action**

The remaining allegation in Count VI for the Court to consider is that Defendant retaliated against Plaintiff for his participation in protected activities by contacting the Department of Homeland Security regarding Plaintiff's complaints. To establish a *prima facie* case of retaliation, Plaintiff must show that "(1) he engaged in a protected activity; (2) an adverse

employment action was taken against him; and (3) a causal connection exists between the two." *Barker v. Mo. Dep't of Corr.*, 513 F.3d 831, 835 (8th Cir. 2008) (citation omitted).

As discussed above, Defendant's contact with the Department of Homeland Security was initiated by Plaintiff's filing of the incident report, and there is no evidence that this action constituted an adverse employment action against Plaintiff. Because Plaintiff cannot establish an adverse employment action was taken against him, he cannot make a *prima facie* case for retaliation. Consequently, Defendant is entitled to summary judgment on Count VI.

**Conclusion**

Defendants' Motion for Summary Judgment (doc. 25) is GRANTED. Counts I, II, and V in their entirety and Counts III, IV, and VI partially are dismissed for failure to exhaust administrative remedies. With the exception of the perceived mental disability claim in Count III, these dismissals are with prejudice.

Defendant is also entitled to summary judgment on the remaining allegations in Counts III, IV, and VI. Plaintiff Ojukwu has not produced any evidence of his physical disability, and has failed to establish a *prima facie* case of disability discrimination for Count III. Plaintiff also cannot establish that Defendant's contact with the Department of Homeland Security constituted an adverse employment action, which precludes Plaintiff from establishing a *prima facie* case of national origin discrimination and retaliation as alleged in Counts IV and VI.

**IT IS SO ORDERED.**

Date: <u>September 13, 2011</u>   <u>    /s/ Greg Kays                        </u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT